IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIFT DIVINE-ALLAH,

    Plaintiff,                              No. CIV S-09-3447 GGH P

   vs.

GOVERNOR SCHWARZENEGGER, et al.,

    Defendants.                       ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5  1843 (1969).

6  It is not clear whom plaintiff intends to name as defendants. The caption of the
7  complaint lists the following defendants:  Governor Schwarzenegger, Attorney General Brown,
8  California State Controller, Secretary of the California Department of Corrections and
9  Rehabilitation (CDCR) Tilton, CDCR Under Secretary, CDCR Chief of Inmate Appeals.  In the
10 section of the complaint where plaintiff is asked to name his defendants, he has identified CDCR
11 Secretary Tilton, Sierra Conservation Center (SCC) Warden Clay, Jamestown Warden Vasquez,
12 and the following employees at Wasco State Prison: White, Escalante, Mosely, Cloud, Litigation
13 Coordinator, Internal Affairs Director.

14 Plaintiff appears to allege that defendants Schwarzenegger, Brown and Tilton
15 failed to respond to letters he sent them regarding an unconstitutional CDCR policy concerning
16 the processing of inmate confidential legal mail.  Plaintiff alleges that CDCR has an inconsistent
17 policy regarding disturbing or offensive correspondences as a result of which prison officials
18 improperly disallow confidential mail. Plaintiff may also be claiming that defendant Brown
19 authored the unconstitutional policy

20 Plaintiff does not describe the at-issue policy or how it is inconsistently applied.
21 Plaintiff does not describe any confidential mail that he was not allowed to receive because is
22 was improperly deemed  deemed offensive or disturbing.  Because plaintiff's description of the
23 at-issue policy and its application are vague and conclusory, this claim is dismissed with leave to
24 amend.

25 Plaintiff's claim against defendants Scharzenegger and Tilton are so vague and
26 conclusory that the court cannot determine whether he has stated a colorable claim for relief.

3

See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient).  It is not likely that the court would find either defendant Schwarzenegger or Tilton liable for the alleged deprivations simply based on plaintiff's allegation that he sent them a letter.

        The rest of plaintiff's claims concerning the improper handling of his mail and inmate grievances at Wasco State Prison.  Plaintiff alleges that on July 15, 2008, Wasco officials returned plaintiff's claim form to the court as "undeliverable."  Plaintiff also alleges that the appeals coordinator at Wasco held onto one of his grievances for over one year.

        Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]"  Id.

        It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in one action as defendants if there is asserted against them jointly, severally , or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoners."  Id. at 607.

        Plaintiff's claims regarding the processing of his administrative appeal at Wasco is unrelated to the claim regarding the processing of confidential mail.  This "buckshot" claim should be raised in a different action.  For this reason, plaintiff should not include this claim in

4

an amended complaint.

Finally, the undersigned observes that the complaint contains no specific allegations against defendants Clay, Vasquez, White, Escalante, Mosely, Cloud, Litigation Coordinator and Internal Affairs Director. For that reason, the claims against these defendants are dismissed. If plaintiff's claims against these defendants are unrelated to plaintiff's claim regarding the processing of confidential mail, they should not be included in the amended complaint. George v. Smith, supra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 14, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

al3447.b